**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ANA HOZESKA,**

|  |  |
|---|---|
| **Plaintiff,** | **CIVIL ACTION NO. 13-cv-13522** |
| **v.** | **DISTRICT JUDGE ROBERT H. CLELAND** |
| **COMMISSIONER OF** | **MAGISTRATE JUDGE MONA K. MAJZOUB** |
| **SOCIAL SECURITY,** | |
| **Defendant.** | |

_____/

## REPORT AND RECOMMENDATION

Plaintiff Ana Hozeska seeks judicial review of Defendant Commissioner of Social Security's determination that she is not entitled to social security benefits for her physical impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (Docket no. 9) and Defendant's Motion for Summary Judgment (Docket no. 10). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 3.) The undersigned has reviewed the pleadings, dispenses with a hearing, and issues this Report and Recommendation pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

## I.      RECOMMENDATION

This Court recommends that Plaintiff's Motion for Summary Judgment (Docket no. 9) be DENIED and that Defendant's Motion for Summary Judgment (Docket no. 10) be GRANTED.

## II.     PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability and disability insurance benefits with a protective filing date of June 3, 2010, alleging disability beginning October 19, 2009, due to lumber spine degenerative disc status post microdiskectomy with lower extremity radiculopathy. (*See* TR 11, 13.)  The Social Security Administration denied Plaintiff's claim on March 11, 2011, and Plaintiff requested a *de novo* hearing, which was held on February 2, 2012, before Administrative Law Judge (ALJ) Craig R. Petersen, who subsequently found that Plaintiff was not entitled to benefits because she was capable of performing a significant number of jobs in the national economy.  (TR 11, 18.)  The Appeals Council declined to review the ALJ's decision (TR 1-3), and Plaintiff commenced this action for judicial review.  The parties then filed cross motions for summary judgment, which are currently pending before the Court.

## III.    PLAINTIFF'S TESTIMONY, MEDICAL EVIDENCE, AND THE VOCATIONAL EXPERT'S TESTIMONY

### A.     Plaintiff's Testimony and the Medical Evidence of Record

In her brief, Plaintiff sets forth a short procedural history of this matter and discusses the ALJ's basis for denying her benefits, but she does not directly discuss her testimony or medical record.  (Docket no. 9 at 5.)  Fleeting references to Plaintiff's testimony and medical record are made when Plaintiff argues credibility.  (Docket no. 9 at 10-11.)  Defendant asserts that "[t]he ALJ adequately presented Plaintiff's testimony and the medical evidence in this case."  (Docket no. 10 at 5; *see also* TR 14-17.)  The undersigned has conducted an independent review of the hearing transcript and Plaintiff's medical record, but for the reasons discussed *infra*, it is unnecessary to summarize them herein.  Therefore, Plaintiff's medical record and testimony as set forth in the ALJ's

2

decision (TR 14-17) and Plaintiff's brief (Docket no. 9 at 10-11) are adopted; the undersigned will incorporate comments and citations as necessary throughout this Report and Recommendation.

### B.      Vocational Expert's Testimony

The ALJ asked the Vocational Expert (VE) whether a hypothetical person of the same age, education, and work experience as Plaintiff who "can lift and carry up to 20 pounds occasionally, ten pounds frequently; can push and pull up to ten pounds occasionally; stand or walk up to six hours out of an eight hour work day; sit up to six hours out of an eight hour work day, with normal breaks; could occasionally stair and ramp climb, but not ropes, ladders or scaffolds; could occasionally stoop, kneel, crouch, and crawl; could occasionally bend and twist at waist level," but not lift from the ground or floor level to waist level, and who has no manipulative, environmental, visual, or communication limitations or limitations regarding concentration, persistence, and pace, and no social deficits, could perform Plaintiff's past relevant work.  (TR 52.)  The VE testified that such an individual could perform Plaintiff's past relevant work as a general office clerk or a hostess. (TR 52.)

The ALJ then asked the VE to consider whether a second hypothetical person could perform any of Plaintiff's past relevant work assuming all of the conditions of the first hypothetical except that "the exertional limits would be up to ten pounds occasionally; there'd be a sit/stand option at will; the work would be limited to simple, routine and repetitive tasks; [and] the work would involve simple work related decisions, with few, if any, work place changes."  (TR 53.)  The VE testified that such an individual could not perform any of Plaintiff's past relevant work but could perform work in the sedentary, unskilled category, for example, as an information clerk, assembler, or inspector, for which there were 2,400, 1,800, and 1,000 jobs in the regional economy and 84,000,

3

41,000, and 16,000 jobs in the national economy, respectively.  (TR 53.)

Lastly, the ALJ asked the VE whether there would be any work for a third hypothetical person who, assuming all of the traits of the first two hypothetical persons, would also "be off task 25 percent or more of any work day," in addition to the morning, afternoon, and lunch hour, and "miss three or more days per month due to ongoing physical impairments."  (TR 53.)  The VE responded that there would be no jobs for such a person.  (TR 53.)

## IV.   ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2014, and that she had not engaged in substantial gainful activity since the alleged onset date of October 19, 2009.  (TR 13.)  The ALJ then found that Plaintiff suffered from the following severe impairment: "lumbar spine degenerative disc status post microdiskectomy with lower extremity radiculopathy."  (TR 13.)  The ALJ further found that Plaintiff's impairment did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Subpart 404, Subpart P, Appendix 1.  (TR 14.)  The ALJ then determined that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can push, pull, lift, or carry up to ten pounds occasionally.  She can stand and/or walk up to six hours out of an eight-hour workday and sit up to six hours in an eight-hour workday with normal breaks.  She requires a sit/stand option at will.  The claimant can occasionally climb stairs and ramps, stoop, kneel, crouch, crawl, and bend and twist at waist level, but never lift from ground or floor level to waist level or climb ladders, ropes, or scaffolds.  She can perform simple, routine, and repetitive tasks with simple, work related decisions and few, if any, workplace changes.

(TR 14.)  Subsequently, in reliance on the VE's testimony, the ALJ found that Plaintiff could not perform any of her past relevant work but that she could perform a significant number of jobs in the

4

national economy.  (TR 17-18.)  Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from October 19, 2009, through the date of the ALJ's decision.  (TR 18.)

## V.      LAW AND ANALYSIS

### A.      Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.  Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.  It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can

5

go either way, without interference by the courts").

      **B.**    **Framework for Social Security Determinations**

      Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

      (1)     Plaintiff was not presently engaged in substantial gainful employment; and

      (2)     Plaintiff suffered from a severe impairment; and

      (3)     the impairment met or was medically equal to a "listed impairment;" or

      (4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

      **C.**    **Analysis**

      The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a

sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)).  Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing.  42 U.S.C. § 405(g).  Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).  Plaintiff argues that this matter should be reversed or remanded under sentence four because "[t]he Commissioner erred as a matter of law in assessing [Plaintiff's] credibility and by failing to properly evaluate the medical records of evidence and, thereby, forming an inaccurate hypothetical that did not accurately portray [Plaintiff's] impairments."  (Docket no. 9 at 6.)

### *1.  Plaintiff's Hypothetical Question Argument*

To the extent Plaintiff argues that the ALJ erred in the formulation of the hypothetical questions presented to the VE, the ALJ is only required to incorporate in his hypothetical questions those limitations that he finds credible and supported by the record.  *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).  Here, the ALJ's hypothetical questions presented all of the limitations included in Plaintiff's RFC–that is, all of the limitations that the ALJ found credible.  The VE testified that there are jobs available for a person with these limitations.  Thus, the ALJ's hypothetical questions were not improper, and in substance, Plaintiff's motion asserts that the ALJ erred in determining Plaintiff's RFC when he failed to properly assess Plaintiff's credibility and evaluate the medical opinions.

Plaintiff seemingly asserts that the ALJ should have included the facts of the third hypothetical question to the VE regarding absenteeism and being off task for a portion of the workday in determining Plaintiff's RFC. (Docket no. 9 at 12.) Plaintiff's argument fails, as her entire discussion of this matter is limited to several pages of legal standards and a few vague references to her testimony and medical records. (*See* docket no. 9.) Plaintiff does not discuss why she believes the ALJ erred, what medical records or opinions or evidence the ALJ failed to properly consider, or what additional impairments the ALJ allegedly failed to include in his hypothetical questions to the VE. As the Court addressed in a similar matter wherein Plaintiff's counsel filed a substantially similar brief on this issue, any additional analysis "is an exercise left to the reader; . . . Plaintiff's summary judgment brief lack[s] any survey, much less meaningful discussion, of the medical record, and Plaintiff likewise fail[s] to provide any factual basis for h[er] challenge to the ALJ's [decision]." *Fielder v. Comm'r of Soc. Sec.*, No. 13-10325, 2014 WL 1207865, *1 (E.D. Mich. Mar. 24, 2014) (Rosen, J.). Thus, Plaintiff's Motion should be denied with regard to this issue.

### 2. *Plaintiff's Credibility Argument*

"[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r*, 127 F.3d 525, 531 (6th Cir. 1997). But credibility assessments are not insulated from judicial review. Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence. *Id.* An ALJ's credibility determination must contain "specific reasons . . . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p. "It is not sufficient

8

to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" *Id.* "[T]he adjudicator may find all, only some, or none of an individual's allegations to be credible" and may also find the statements credible to a certain degree. *Id.*

Further, to the extent that the ALJ found that Plaintiff's statements are not substantiated by the objective medical evidence in the record, the Regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. § 416.929(c)(2). The ALJ must consider: (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of the claimant's pain, (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for pain relief, (6) any measures used to relieve the pain, and (7) functional limitations and restrictions due to the pain. *See* 20 C.F.R. § 416.929(c)(3); *see also Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994) (applying these factors).

Plaintiff asserts that the ALJ erred when he found that Plaintiff was not credible because "her testimony regarding her severe medical impairments is backed up by medical documentation." (Docket no. 9 at 11.) To support this argument, Plaintiff vaguely refers to her medical record:

> In the medical record dated 11/11/2009 which indicates that he had a "L3-L4, L4-L5, and L5-S1 discogram..." and "L3-L4, L4-L5, and L5-S1 provocation discography..." (Tr. 175) Also the report dated 7/7/2010 it reveals complaints of "low back and right greater than the left leg pain" as well as "radiating down the posterior right leg to the foot with the same pattern on the left, but to a lesser degree." (Tr. 182) it also indicates that "it is worse with standing and walking" and "she also has difficulty with any lifting, twisting, or bending activities." (Tr. 182) Also see, (Tr. 188). The diagnose at (Tr. 189) was that of "chronic low back pain and bilateral lower extremity pain, right significantly worse than the left secondary to degenerative disc

9

disease, degenerative joint disease, disc herniation, and positive discogenic pain at L5-S1." Also see, (Tr. 198). Again the diagnoses at (Tr. 257) was that of "low back pain secondary to disc herniation." Also see (Tr. 282). The MRI of the Lumbar Spine dated 10/28/2010 revealed "mild diffuse bulge of disc material at L5-S1" and "postsurgical changes on the right at L5-S1." (Tr. 265) The MRI of the Lumbar Spine dated 1/26/2012 also revealed "degenerate disk desiccation at L5-S1 level with minimal bulging annulus without disk herniation or nerve root compression" and "moderate hypertrophic degenerative disk changes at L5-S1 and to lesser extent L4-L5 level." (Tr. 289)

*(Id.)*

As with Plaintiff's hypothetical question argument, *supra*, Plaintiff's credibility argument is devoid of factual detail and legal analysis. Even assuming, *arguendo,* that Plaintiff's medical records are consistent with her complaints, these consistencies are not sufficient to overturn the ALJ's credibility determination, as the evidence also supports the ALJ's findings. In addition to considering Plaintiff's medical records, the ALJ considered the factors set forth in 20 C.F.R. § 416.929(c)(3) and found that Plaintiff's disability allegations were less than credible. The ALJ set forth his reasoning in ten paragraphs over three pages and discussed, in part, Plaintiff's functional reports, her ability to take care of her home and children, her failure to follow up on treatment, her regular daily activities, the effectiveness of her medications, the inconsistency of her statements with the objective medical record, and her physician's opinions. (TR 15-17.) There is substantial evidence in support of the ALJ's decision. And where the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella,* 708 F.2d at 1059, and even if substantial evidence also supports the opposite conclusion. *See Her,* 203 F.3d at 389-90.

### 3.    Waiver and Sanctions

The undersigned has carefully examined Plaintiff's counsel's submission and finds it thoroughly deficient and devoid of proper factual substance and legal analysis. Plaintiff's counsel's

superficial, cut-and-paste, template approach to fulfilling his professional duty to substantively brief the issues presented for this Court's most serious consideration and determination fails to comply with all accepted rules of civil pleading and practice in this District. The Court acknowledges that counsel may reduce costs and improve efficiency by using and inserting previously generated work product, such as any relevant applicable legal standards and specific rules. But Plaintiff's counsel's repeated failure to set forth factually specific, discernable, sound legal analyses in his briefing to this Court compels the waiver of any such arguments. *See Kennedy v. Comm'r of Soc. Sec.*, 87 Fed.Appx. 464, 466 (6th Cir. 2003) ("[I]ssues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir.1996)). The "'court is under no obligation to scour the record for errors not identified by [the] claimant.'" *Bush v. Astrue*, No. 12-11790, 2013 WL 1747807, *14 (E.D. Mich. Jan 25, 2013) (Grand, M.J.) (quoting *Martinez v. Comm'r of Soc. Sec*., No. 09-13700 (E.D. Mich. Mar. 2, 2011)). Therefore, Plaintiff's Motion should be denied.

As Chief Judge Rosen noted in *Fielder*, this is not the first time the Court has denied a motion filed by Plaintiff's counsel for "reliance on conclusory assertions and absence of developed argument;" indeed, "nearly every Magistrate Judge in this District has expressed this concern with the work product of Plaintiff's counsel." 2014 WL 1207865, at *1 n.1 (collecting cases). Moreover, the Court warned Plaintiff's counsel that "this Court will carefully examine his submissions in future suits to ensure that they advance properly supported arguments that rest upon (and cite to) the facts of a particular case" and that failure to do so may result in either sanctions or referral for disciplinary proceedings. *Id.* Nevertheless, any consideration of an award of sanctions against Plaintiff's counsel in this case would be inappropriate as the instant Motion was filed prior to Chief Judge Rosen's decision in *Fielder*.

11

## VI.   CONCLUSION

For the reasons stated herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment (Docket no. 9) be DENIED and that Defendant's Motion for Summary Judgment (Docket no. 10) be GRANTED.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).   Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).   Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.   The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.   The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: June 26, 2014                  s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE

12

**PROOF OF SERVICE**

       I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: June 26, 2014         s/ Lisa C. Bartlett
                                 Case Manager